**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 N. Main Avenue<br>Tucson, AZ 85701 | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLATORY<br>AND INJUNCTIVE RELIEF** |
| U.S. DEPARTMENT OF STATE,<br>2201 C St. NW<br>Washington, D.C. 20520 | |
| FEDERAL AVIATION ADMINISTRATION,<br>800 Independence Ave. SW<br>Washington, D.C. 20591 | |
| and | |
| U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Ave. NW<br>Washington, D.C. 20460 | |
| Defendants. | |

**INTRODUCTION**

1.     In this action, the Center for Biological Diversity ("Center")—an environmental conservation organization that works to protect native wildlife species and their habitats—challenges the failure of the U.S. Department of State ("State Department"), the Federal Aviation Administration ("FAA"), and the Environmental Protection Agency ("EPA"), to provide "all records from January 1, 2014 to the date of the agency's search" "mentioning, including, and/or referencing U.S. aircraft emission standards and U.S. participation in the 2016 International Civil Aviation Organization ("ICAO") carbon dioxide ("CO2") rulemaking process, including but not

limited to all records of communications between United States officials, the Boeing Company and/or any other aircraft manufacturer or airline, and the ICAO." The agencies' refusals to provide records generated in connection with U.S. Aircraft Emission Standards and ICAO undermines the Freedom of Information Act's ("FOIA") policy of government transparency.

2.      The State Department, FAA, and EPA are unlawfully withholding public records, which the Center requested pursuant to FOIA, by failing to conduct adequate searches for responsive records and failing to provide the Center with responsive records, for which there are no applicable FOIA exemptions. Prompt access to these records is necessary to fulfill FOIA's purpose, thus the Center seeks declaratory relief establishing that the State Department, FAA, and EPA violated FOIA, or alternatively, the Administrative Procedure Act ("APA"). The Center also seeks injunctive relief directing the State Department, FAA, and EPA to conduct searches for responsive records and provide all responsive records to the Center without any further delay.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

4.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, and because a portion of the responsive records may be found in this district.

5.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

6.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

7.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit

conservation organization with offices throughout the United States. The Center has more than

63,000 members. The Center and its members are harmed by the State Department's, FAA's, and

EPA's violations of FOIA, or alternatively, the APA, as such violations preclude the Center and

its members from gaining a full understanding of the records pertaining to the State

Department's, FAA's, and the EPA's review of U.S. Aircraft Emission Standards, and U.S.

Government participation in the ICAO.

8.      Defendant U.S. DEPARTMENT OF STATE is an agency of the executive branch

of the U.S. government, responsible for leading the nation in foreign policy issues. The State

Department is in possession and control of the records that the Center seeks, and as such, it is

subject to FOIA pursuant to 5 U.S.C. § 552(f). The State Department is a federal agency

responsible for applying and implementing the federal laws and regulations at issue in this

complaint.

9.      Defendant FEDERAL AVIATION ADMINISTRATION is an agency of the

executive branch of the U.S. government, under the Department of Transportation. FAA is

responsible for ensuring safe air travel. FAA is in possession and control of the records that the

Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). FAA is a federal

agency responsible for applying and implementing the federal laws and regulations at issue in

this complaint.

10.     Defendant ENVIRONMENTAL PROTECTION AGENCY is an independent

agency of the U.S. government. EPA is responsible for protecting human health and the

environment and ensuring that national efforts to reduce environmental risks are based on the

best available scientific information. EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). EPA is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

11.     FOIA's basic purpose is for government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552(b)(1)-(9).

12.     Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and must notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

13.     An agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

14.     In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed with the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and "shall make available its FOIA Public Liaison" to "assist

in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

15.     FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

16.     FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

17.     In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

18.     FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. *Id.* § 552(a)(4)(B).

19.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

20.     Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

### State Department FOIA Request (F-2018-01111)

21.     On February 12, 2018, the Center submitted to the State Department a FOIA request seeking, from January 1, 2014 to the date of the agency's search, all correspondence and

attachments "mentioning, including, and/or referencing U.S. aircraft emission standards and U.S. participation in the 2016 [ICAO] CO2 rulemaking process, including but not limited to all records of communications between all United States officials, the Boeing Company and/or any other aircraft manufacturer or airline, and ICAO."

22.     The State Department confirmed receipt via email on February 12, 2018.

23.     On March 5, 2018, the Center sent an email to the State Department requesting information regarding a different FOIA request.

24.     On March 7, 2018, the State Department replied to the Center's March 5th email by providing information for multiple pending FOIA requests from the Center. Regarding the Center's February 12, 2018 FOIA request, the State Department stated that the Center's request had been acknowledged and assigned the following tracking number F-2018-01111.

25.     On March 16, 2018, the State Department sent an official acknowledgement of the February 12, 2018 request, assigning it case control number F-2018-01111.

26.     On May 21, 2018, the Center sent a letter to the State Department notifying the agency that it had violated FOIA's statutory determination deadline and requesting an estimated date of completion and a final determination for the FOIA request. The Center also offered to assist the State Department in any way, stressing that it sought a "cooperative approach" with the agency but that "because of the time-sensitive nature of the requested data, legal action will be required if the Department fails to make a prompt determination."

27.     On May 25, 2018, the State Department informed the Center that its FOIA request F-2018-01111 was "in process." Since this date, there has been no further correspondence from the State Department regarding the Center's FOIA request.

28.     As of the date of this complaint, the State Department has provided no responsive

records to the Center.

29.     The State Department has not provided the Center with a determination that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records, or informed the Center that the organization may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B). The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

30.     The State Department has no lawful basis under FOIA for its delay or for withholding the records that the Center requested in its February 12, 2018 FOIA request.

31.     The Center has been required to expend resources to bring this action.

### FAA FOIA Request

32.     On February 27, 2018, the Center submitted to FAA a FOIA request seeking, from January 1, 2014 through the date of FAA's search, all correspondence and attachments "mentioning, including, and/or referencing U.S. aircraft emission standards and U.S. participation in the 2016 [ICAO] $CO_2$ rulemaking process, including but not limited to all records of communications between all United States officials, the Boeing Company and/or any other aircraft manufacturer or airline, and ICAO."

33.     On March 28, 2018, the Center sent a letter notifying FAA that it had violated FOIA's statutory determination deadline, explaining that "over 21 workdays have passed with no acknowledgment or correspondence from the FAA," and requesting an estimated date of completion and a final determination for the FOIA request. The Center also offered to assist FAA in any way, stressing that it sought a "cooperative approach" with the agency but that "because of the time-sensitive nature of the requested data, legal action will be required if the

agency fails to make a prompt determination."

34. FAA acknowledged the FOIA request on March 29, 2018 but stated that it was "unable to take action at [that] time due to the broad scope of the request" and did not assign a tracking number to the request. FAA asked the Center to "reformulate [its] "request" to identify specific records being sought as well as specific names of individuals [the Center] would like to have search their emails or other communications."

35. On April 4, 2018, FAA emailed the Center reiterating its request for a narrower scope for its search, suggesting that the Center "rescope the original request to records mentioning, including, and/or referencing U.S. aircraft emission standards and U.S. participation in the 2016 [ICAO] $CO_2$ rulemaking process, beginning January 1, 2014."

36. On April 6, 2018, the Center and FAA had a telephone call to discuss the scope of the Center's FOIA request. During that call, the Center and FAA agreed that the first part of the request sought the decision file for the setting of aircraft emission standards for $CO_2$. However, FAA's representative informed the Center that he could not provide all communications with Boeing or the rest of the manufacturers. The Center explained that it wanted communications with any aircraft manufacturers—not just Boeing—to determine if there was any undue industry influence on the setting of the emissions standards because, under the Trump administration for example, many questions about industry getting to write their own regulations have emerged. FAA said that it would be able to begin the search but that first the Center would need to approve a new proposal via email. The Center followed this phone call up with an email to FAA.

37. On April 10, 2018, the Center emailed FAA and clarified that its request sought the following three items: (1) "all records in the decision file for the agency in setting the U.S. aircraft emission standards, including U.S. participation in the 2016 [ICAO] $CO_2$ rulemaking

process, beginning January 1, 2014, (2) "all records of communication between the FAA and the

airline manufacturers (not just Boeing) that mention, discuss, or address the setting of aircraft

emissions standards, beginning January 1, 2014," and (3) as discussed in a previous phone call,

"not only Boeing's involvement in the process, but also the involvement of other companies

within the airline industry, insofar as they were involved in the agency's process of setting the

aircraft emission standards and the CO2 rulemaking process." The Center requested that FAA

confirm that the email clarified its proposal for a more specific request.

38.     On April 30, 2018, the Center had not yet received a response from FAA and sent

an email to FAA asking for a response to its proposed rescoping proposal.

39.     Receiving no response from FAA, on May 10, 2018, the Center sent a second

email to FAA asking if the rescoping proposal sufficiently clarified the Center's FOIA request

and whether FAA had begun its search.

40.     On May 11, 2018, FAA responded that it was still reviewing the scope.

41.     On May 21, 2018, the Center emailed FAA stating that it had been a month since

last speaking and requesting that FAA inform the Center as to what specific steps FAA was

taking to review the scope of the proposal and the reasons for the delay in FAA's response.

42.     As of the date of this complaint, FAA has not responded to the Center's April 6,

2018 scoping proposal and has not provided a tracking number or any responsive records.

43.     FAA has not provided the Center with a determination that describes the scope of

the records it intends to produce or withhold and the reasons for withholding any records and

informs the Center that the organization may appeal any specific adverse determination within

the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or § 5 U.S.C. § 552(a)(6)(B).  The Center

is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

44.     FAA has no lawful basis under FOIA for its delay or for withholding the records that the Center requested in its February 27, 2018 FOIA request.

45.     The Center has been required to expend resources to bring this action.

### EPA FOIA Request (EPA-HQ-2018-004348)

46.     On February 12, 2018, the Center submitted to EPA a FOIA request seeking, from January 1, 2014 through the date of EPA's search, all correspondence and attachments "mentioning, including, and/or referencing U.S. aircraft emission standards and U.S. participation in the 2016 [ICAO] CO2 rulemaking process, including but not limited to all records of communications between all United States officials, the Boeing Company and/or any other aircraft manufacturer or airline, and ICAO."

47.     On February 12, 2018, EPA confirmed the Center's FOIA request and assigned it tracking number EPA-HQ-2018-004348.

48.     On February 20, 2018, EPA notified the Center that a 10-day extension to respond to the request was necessary because of the "unusual circumstances due to the need for consultation among two or more components of the agency presented by [the Center's] request."

49.     On March 2, 2018, EPA granted the Center's fee waiver request.

50.     On May 21, 2018, the Center sent a letter notifying EPA that it had violated FOIA's statutory determination deadline for FOIA Request EPA-HQ-2018-004348, explaining that "over 21 workdays have passed with no acknowledgment or correspondence from the EPA," and requesting an estimated date of completion and a final determination for the FOIA request. The Center also offered to assist EPA in any way, stressing that it sought a "cooperative approach" with the agency but that "because of the time-sensitive nature of the requested data, legal action will be required if the agency fails to make a prompt determination."

51.     EPA has not provided the Center with a determination that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records, or informed the Center that the organization may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B). The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

52.     EPA has no lawful basis under FOIA for its delay or for withholding the records that the Center requested in its February 12, 2018 FOIA request.

53.     The Center has been required to expend resources to bring this action.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Provide a Determination on the Center's FOIA Requests

Count One: The State Department Failed to Provide a Determination on the Center's FOIA Request.

54.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

55.     The State Department violated FOIA by failing to make a determination on the Center's FOIA request F-2018-01111. 5 U.S.C. § 552(a)(6).

56.     The Center has a statutory right to receive a determination from the State Department, as well as to promptly receive the underlying records it seeks.

57.     As of the date of this complaint, the State Department has still not provided the Center with a determination on the FOIA request that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B), 5 U.S.C. § 552(a)(7).

58.     Based on the nature of the Center's organizational activities, it will undoubtedly

continue to employ FOIA's provisions in record requests to the State Department in the foreseeable future.

59. The Center's organizational activities will be adversely affected if the State Department continues to violate FOIA's requirement to provide a lawful determination on the Center's FOIA requests.

60. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the State Department will continue to violate the Center's rights to receive public records under FOIA.

Count Two: FAA Failed to Provide a Determination on the Center's FOIA Requests.

61. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

62. FAA violated FOIA, 5 U.S.C. § 552(a)(6), by failing to make a determination on the FOIA request that the Center submitted to the agency.

63. The Center has not received a tracking number from the agency on its lawful FOIA request.

64. The Center has a statutory right to receive a determination from FAA, as well as to promptly receive the underlying records it seeks.

65. FAA has still not provided the Center with a determination on the FOIA request that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B). 5 U.S.C. § 552(a)(7).

66. Based on the nature of the Center's organizational activities, it will undoubtedly

continue to employ FOIA's provisions in record requests to FAA in the foreseeable future.

67.     The Center's organizational activities will be adversely affected if FAA continues

to violate FOIA's requirement to provide a lawful determination on the Center's FOIA requests.

68.     Unless enjoined and made subject to a declaration of the Center's legal rights by

this Court, FAA will continue to violate the Center's rights to receive public records under

FOIA.

Count Three: EPA Failed to Provide a Determination on the Center's FOIA Requests.

69.     Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

70.     EPA violated FOIA, 5 U.S.C. § 552(a)(6), by failing to make a determination on

the FOIA request that the Center submitted to the agency, EPA-HQ-2018-004348.

71.     The Center has a statutory right to receive a determination from EPA, as well as

to promptly receive the underlying records it seeks.

72.     EPA has still not given the Center a determination on the FOIA request that

describes the scope of the records it intends to produce or withhold and the reasons for

withholding any records or informed the Center that it may appeal any specific adverse

determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. §

552(a)(6)(B). 5 U.S.C. § 552(a)(7).

73.     Based on the nature of the Center's organizational activities, it will undoubtedly

continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

74.     The Center's organizational activities will be adversely affected if EPA continues

to violate FOIA's requirement to provide a lawful determination on the Center's FOIA requests.

75.     Unless enjoined and made subject to a declaration of the Center's legal rights by

this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Conduct an Adequate Search for Responsive Records

Count One: The State Department Failed to Conduct an Adequate Search for Responsive Records.

76.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

77.     The Center has a statutory right to have the State Department process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). The State Department violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request, F-2018-01111.

78.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the State Department in the foreseeable future.

79.     The Center's organizational activities will be adversely affected if the State Department continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

80.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the State Department will continue to violate the Center's rights to receive public records under FOIA.

Count Two: FAA Failed to Conduct an Adequate Search for Responsive Records.

81.     Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

82.     The Center has a statutory right to have FAA process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). FAA violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

83.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FAA in the foreseeable future.

84.     The Center's organizational activities will be adversely affected if FAA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

85.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FAA will continue to violate the Center's rights to receive public records under FOIA.

Count Three: EPA Failed to Conduct an Adequate Search for Responsive Records.

86.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

87.     The Center has a statutory right to have EPA process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). EPA violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request, EPA-HQ-2018-004348.

88.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

89.     The Center's organizational activities will be adversely affected if EPA continues

to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

90.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Records Responsive to the Center's FOIA Requests

Count One: The State Department Failed to Provide Records Responsive to the Center's FOIA Request.

91.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

92.     The State Department violated FOIA, 5 U.S.C. § 552(a)(4)(B), by refusing to promptly disclose records that are responsive to the Center's FOIA request F-2018-01111.

93.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the State Department in the foreseeable future.

94.     The Center's organizational activities will be adversely affected if the State Department continues to violate FOIA's disclosure provisions as it has in this case.

95.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the State Department will continue to violate the Center's rights to receive public records under FOIA.

Count Two: FAA Refused to Provide Records Responsive to the Center's FOIA Requests.

96.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

97.     FAA violated FOIA, 5 U.S.C. § 552(a)(4)(B), by refusing to promptly disclose records that are responsive to the Center's FOIA request.

98.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FAA in the foreseeable future.

99.     The Center's organizational activities will be adversely affected if FAA continues to violate FOIA's disclosure provisions as it has in this case.

100.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FAA will continue to violate the Center's rights to receive public records under FOIA.

Count Three: EPA Refused to Provide Records Responsive to the Center's FOIA Requests.

101.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

102.    EPA violated FOIA, 5 U.S.C. § 552(a)(4)(B), by refusing to promptly disclose records that are responsive to the Center's FOIA request EPA-HQ-2018-004348.

103.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

104.    The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as it has in this case.

105.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records**

Count One: The State Department Failed to Provide Reasonably Segregable Portions of Exempt Records.

106.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

107.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

108.    The State Department violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Plaintiff's FOIA request F-2018-01111.

109.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the State Department in the foreseeable future.

110.    The Center's organizational activities will be adversely affected if the State Department is allowed to continue violating FOIA's disclosure provisions as it has in this case.

111.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the State Department will continue to violate the Center's rights to receive public records under FOIA.

Count Two: FAA Failed to Provide Reasonably Segregable Portions of Exempt Records.

112.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

113.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

114.    FAA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

115.    The Center's organizational activities will be adversely affected if FAA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

116.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FAA will continue to violate the Center's rights to receive public records under FOIA.

Count Three: EPA Failed to Provide Reasonably Segregable Portions of Exempt Records.

117.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

118.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

119.    EPA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request, EPA-HQ-2018-004348.

120.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

121.    The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

122.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Fourth Claims)

**Unlawfully Withholding or Unreasonably Delaying Actions That FOIA Requires**

Count One: The State Department Unlawfully Withheld or Unreasonably Delayed Action that FOIA Requires.

123.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

124.    The State Department unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on the Center's FOIA request, (2) conduct an adequate search for records that are responsive to the Center's FOIA request, (3) promptly disclose records that are responsive to the Center's FOIA request, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption. State Department's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

125.    Alternatively, the State Department unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on the Center's FOIA request, (2) conduct an adequate search for records that are responsive to the Center's FOIA request, (3) promptly disclose records that are responsive to the Center's FOIA request, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption. The

State Department's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

126.     As alleged above, the State Department's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is a violation of its statutory duties under the APA.

127.     The Center has no other adequate remedy at law to redress the violations noted above.

128.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

Count Two: FAA Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires.

129.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

130.     FAA unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on the Center's FOIA requests, (2) conduct adequate searches for records that are responsive to the Center's FOIA requests, (3) promptly disclose records that are responsive to the Center's FOIA requests, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption. FAA's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

131.     Alternatively, FAA unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on the Center's FOIA requests, (2) conduct adequate searches for records that are responsive to the Center's FOIA requests, (3) promptly disclose records that are responsive to the Center's

FOIA requests, and (4) provide the Center with reasonably segregable portions of responsive

records requests in the event that records may be subject to an exemption. FAA's failures

constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5

U.S.C. § 706(1).

132.    As alleged above, FAA's failure to comply with the mandates of FOIA has

injured the Center's interests in public oversight of governmental operations and is a violation of

FAA's statutory duties under the APA.

133.    The Center has no other adequate remedy at law to redress the violations noted

above.

134.    Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

Count Three: EPA Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires.

135.    Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

136.    EPA unlawfully withheld agency action by failing to comply with the mandates

of FOIA consequent to its failure and refusal to: (1) provide a timely determination on the

Center's FOIA requests, (2) conduct adequate searches for records that are responsive to the

Center's FOIA requests, (3) promptly disclose records that are responsive to the Center's FOIA

requests, and (4) provide the Center with reasonably segregable portions of responsive records in

the event that records may be subject to an exemption. EPA's failures constitute agency actions

that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5

U.S.C. § 706(1).

137.    Alternatively, EPA unreasonably delayed agency action by failing to comply with

the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination

on the Center's FOIA requests, (2) conduct adequate searches for records that are responsive to

the Center's FOIA requests, (3) promptly disclose records that are responsive to the Center's

FOIA requests, and (4) provide the Center with reasonably segregable portions of responsive

records requests in the event that records may be subject to an exemption. EPA's failures

constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5

U.S.C. § 706(1).

138.     As alleged above, EPA's failure to comply with the mandates of FOIA has injured

the Center's interests in public oversight of governmental operations and is a violation of EPA's

statutory duties under the APA.

139.     The Center has no other adequate remedy at law to redress the violations noted

above.

140.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Fifth Claims)

Count One: The State Department's Actions are Arbitrary, Capricious, an Abuse of Discretion,
or Otherwise Not in Accordance with Law.

141.     Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

142.     The State Department violated FOIA's statutory mandates due to its failure and

refusal to: (1) provide a timely determination on the Center's FOIA request, (2) conduct an

adequate search for records that are responsive to the Center's FOIA request, (3) promptly

disclose records that are responsive to the Center's FOIA request, and (4) provide the Center

with reasonably segregable portions of responsive records in the event that records may be

subject to an exemption. By repeatedly violating FOIA's statutory mandates, the State

Department's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with

23

the law and therefore are actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

143.    As alleged above, the State Department's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is a violation of the agency's statutory duties under the APA.

144.    The Center has no other adequate remedy at law to redress the violations noted above.

145.    The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

Count Two: FAA's Actions are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law.

146.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

147.    FAA violated FOIA's statutory mandates due to its failure and refusal to: (1) provide a timely determination on the Center's FOIA requests, (2) conduct adequate searches for records that are responsive to the Center's FOIA requests, (3) promptly disclose records that are responsive to the Center's FOIA requests, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption. By repeatedly violating FOIA's statutory mandates, FAA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore are actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

148.    As alleged above, FAA's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is a violation of the agency's statutory duties under the APA.

149.    The Center has no other adequate remedy at law to redress the violations noted above.

150.   The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

Count Three: EPA's Actions are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law.

151.   Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

152.   EPA violated FOIA's statutory mandates due to its failure and refusal to: (1) provide a timely determination on the Center's FOIA requests, (2) conduct adequate searches for records that are responsive to the Center's FOIA requests, (3) promptly disclose records that are responsive to the Center's FOIA requests, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption. By repeatedly violating FOIA's statutory mandates, EPA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore are actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

153.   As alleged above, EPA's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is a violation of the agency's statutory duties under the APA.

154.   The Center has no other adequate remedy at law to redress the violations noted above.

155.   The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1.  Order Defendants to provide lawful determinations on Plaintiff's FOIA requests as

required by FOIA by a date certain;

2. Order Defendants to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA requests, with the cut-off date for such searches being the date the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3. Declare that Defendants' failures to undertake searches for and promptly disclose to Plaintiff all records that are responsive to Plaintiff's FOIA requests, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4. Declare that Defendants' failures to timely make determinations on Plaintiff's FOIA requests are unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A). Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

5. Declare that Defendants' failures to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6.   Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E)

or 28 U.S.C. § 2412.

7.   Grant such other and further relief as the Court may deem just and proper.

DATED:  September 16, 2018

Respectfully submitted,

_/s/ W.J. Snape, III_____
William J. Snape, III
D.C. Bar No. 455266
Center for Biological Diversity
1411 K Street, NW
Washington, DC 20005
202-536-9351
bsnape@biologicaldiversity.org
wsnape@wcl.american.edu

____/s/ Lyn Arnold_____
Lyn Arnold
Attorney at Law (WA, MD State Bars)
lynarnoldjd@gmail.com
206-940-6420
(Pro Hac Vice Application Pending)

Attorneys for Plaintiff